**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JOSE MARTIN HERNANDEZ CASTANON,<br>Petitioner,<br>v.<br>MARK BOWEN, ETC., ET AL.,<br>Respondents. | No. ED CV 26-5362-E<br><br>ORDER FOR ENTRY OF JUDGMENT |

**PROCEEDINGS**

Petitioner, a detainee of Immigration and Customs Enforcement ("ICE"), filed a "Verified Petition for Habeas Corpus" ("the Petition") on September 15, 2026. Petitioner filed "Petitioner's Notice of Supplemental Exhibit" on September 16, 2026. Respondents filed a "Response to Petition" on September 22, 2026. Petitioner filed a Reply on the same day.

**BACKGROUND**

Petitioner, a native and citizen of Mexico, entered the United States without inspection in 1993. For decades, Petitioner maintained steady employment and developed substantial family and community ties within the United States. Petitioner lived at the same

residence in Long Beach, California, for more than 30 years. Petitioner has no criminal record.

In 2000, an immigration judge ordered Petitioner removed from the United States. However, this determination occurred in absentia, and an immigration judge later reopened the removal proceedings upon finding that Plaintiff had not properly been served with a notice to appear in 2000.

On June 16, 2026, Petitioner did receive a notice to appear. This notice instructed Petitioner to present himself at an immigration office on June 30, 2026 “to complete paperwork.” When Petitioner arrived at the office on that date, he was detained. Petitioner has been held in detention without a hearing ever since.

## SUMMARY OF PARTIES’ CONTENTIONS

Petitioner contends that due process entitles him to immediate release from detention. Respondents now appear to concede that Petitioner is entitled to a bond hearing, but Respondents oppose release.

## DISCUSSION

The federal Constitution guarantees the availability of the writ of habeas corpus “to every individual detained within the United States.” Hamdi v. Rumsfeld, 542 U.S. 507, 525 (2004). “The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody.” Preiser v. Rodriguez, 411 U.S. 475, 484 (1973). A petitioner held in custody in violation of the Constitution or federal law is entitled to habeas relief. See 28 U.S.C. § 2241(c)(3). Although this Court would have no jurisdiction to review a challenge to

a final order of removal (8 U.S.C. § 1252(g)), the Court does have jurisdiction to adjudicate Petitioner's challenge to her detention. See Jennings v. Rodriguez, 583 U.S. 281, 138 S. Ct. 830, 841 n.3 (2018); Zadvydas v. Davis, 533 U.S. 678, 687 (2001); Reno v. American-Arab Anti-Discrimination Comm., 525 U.S. 471, 482 (1999); Pinchi v. Noem, 2025 WL 3691938, at *9-12 (N.D. Cal. Dec. 19, 2025).

Due process, which extends to noncitizens present in the United States, prohibits deprivations of life, liberty and property without due process of law. See U.S. Const. Amend. V; Trump v. J.G.G., 604 U.S. 670, 673 (2025); Zadvydas v. Davis, 533 U.S. at 693-94. Due process requires that a person be afforded notice and an opportunity to be heard "at a meaningful time and in a meaningful manner." Mathews v. Eldridge, 424 U.S. 319, 333 (1976) ("Mathews").

An alien previously released from detention on supervision, who then complies with the conditions of that supervision, has a constitutionally protected liberty interest that may require a pre-deprivation hearing prior to re-detention. See, e.g., Singh v. Semaia, 2026 WL 2281009 (C.D. Cal. Aug. 4, 2026); Tenemasa-Lema v. Hyde, 2025 WL 3280555, at *8-11 (D. Mass. Nov. 25, 2025); Im v. Semaia, 2025 WL 4474995, at *3-8 (C.D. Cal. Oct. 30, 2025); Rodriguez Cabrera v. Mattos, 808 F. Supp. 3d 1159 (D. Nev. 2025); accord Pinchi v. Noem, 813 F. Supp. 3d at 1035-36; Fernandez Lopez v. Wofford, 2025 WL 2959319, at *4-5 (E.D. Cal. Oct. 17, 2025); Noori v. Larose, 2025 WL 2800149, at *4, 9-10 (S.D. Cal. Oct. 1, 2025). In the present case, however, Petitioner was not previously detained and then released on supervision.

An alien not previously detained who builds a substantial life in the United States over a period of years before apprehension also may develop a constitutionally protected liberty interest in remaining undetained. See, e.g., Reyes v. Santacruz, 2026 WL 2069974 (C.D. Cal. July 13, 2026); Ramirez-Serna v. Mullin, 2026 WL 1514337 (C.D. Cal. May 28, 2026);

see also Tello Vazquez v. Mullin, 2026 WL 1911507 (W.D. Wash. July 2, 2026); Wu v. Chestnut, 2026 WL 1906294 (E.D. Cal. July 1, 2026); Grigoryan v. Lyons, 2026 WL 2032230 (C.D. Cal. June 16, 2026); Kharitonova v. Albarran, 2026 WL 531441 (N.D. Cal. Feb. 25, 2026). Such an alien almost assuredly has a constitutionally protected liberty interest when the immigration authorities at some point in time made a decision not to detain the alien but to permit the alien to remain at liberty. See, e.g., Kharitonova v. Albarran, 2026 WL 531441, at *2. In the present case, however, it is unclear from the record when the immigration authorities learned of Petitioner's long-time residence in Long Beach.

In any event, the Court believes that, through the substantial life Petitioner built in the United States over the past several decades, he did develop a constitutionally protected liberty interest in remaining undetained. The issue then becomes one of determining "what process is due" attendant upon the events occurring on or after June 30, 2026. See Morrissey v. Brewer, 408 U.S. 471, 481 (1972). As previously indicated, due process requires an opportunity to be heard "at a meaningful time and in a meaningful manner." Mathews, 424 U.S. at 333. Contrary to Petitioner's apparent arguments, due process does not always require that an alien receive a pre-detention hearing; a post-detention hearing sometimes will suffice. See, e.g., Kafle v. Wofford, 2026 WL 2255203, at *4-5 (E.D. Cal. Aug. 5, 2026), adopted, 2026 WL 2644030 (E.D. Cal. Sept. 8, 2026). Under Mathews, the Court considers three factors: "First, the private interest that will be affected by the official action; second, the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards; and finally, the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail." Mathews, 424 U.S. at 335.

In the present case, application of the Mathews factors might well conclude that a prompt post-deprivation hearing would have satisfied due process. Such a conclusion would be academic, however. The Government did not give Petitioner a prompt post-

deprivation hearing. Rather, the Government maintained Petitioner in detention without a hearing for almost four months. Under these circumstances, the appropriate remedy is immediate release, subject to reasonable conditions. See, e.g., Moctezuma v. Henkey, 2026 WL 18809, at *5 (D. Idaho Jan. 2, 2026) (collecting cases); see also Gutierrez v. Knight, 2026 WL 2676676, at *3 (D. Idaho Sept. 11, 2026) ("The fact that Respondents have now reassessed [the petitioner's] custody under § 1226(a) does not erase the period of unlawful detention that preceded that determination").

**CONCLUSION**

For all of the foregoing reasons, it is ordered that Judgment be entered granting the Petition in part and ordering Respondents to release Petitioner (A# 075-715-421) from detention immediately, subject to reasonable conditions.[1]

DATED: September 23, 2026

CHARLES F. EICK
UNITED STATES MAGISTRATE JUDGE

[1] Petitioner has failed to justify any different or additional form of habeas relief.